# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 10-10442 (CSS) |
| Vulcan Advanced Mobile Power Systems, L.L.C., | |
| | Hearing Date: June 1, 2010 at 9:00 a.m. (EST) |
| Debtor. | Objection Deadline: May 24, 2010 at 4:00 p.m. (EST) |

## MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO CONVERT THE DEBTOR'S CHAPTER 11 BANKRUPTCY CASE TO CASE UNDER CHAPTER 7, OR ALTERNATIVELY, TO DISMISS

The Official Committee of Unsecured Creditors (the "Committee"), appointed on March 25, 2010 in the chapter 11 case of the above-captioned debtor (the "Debtor"), by and through its proposed undersigned counsel, hereby files this Motion to Convert the Debtor's Chapter 11 Bankruptcy Case to Case Under Chapter 7, or Alternatively, to Dismiss (the "Motion"). In further support of the Motion, the Committee respectfully represents as follows:

### BACKGROUND

1. On February 12, 2010 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2. On March 25, 2010, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed an official committee of unsecured creditors and appointed the following members to the Committee: Susan Flannigan, TC Power, LLC, and Plainville Electric Products Co.

3. Immediately thereafter, the Committee held a meeting, and, subject to this Court's approval, decided to retain Ciardi Ciardi & Astin as its counsel.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this Motion pursuant to title 28 of the United States Code, sections 157 and 1334.

5. This is a core proceeding pursuant to title 28 of the United States Code, section 157(b)(2). Venue in this District of this case and the Application is proper pursuant to title 28 of the United States Code, sections 1408 and 1409.

6. The statutory predicate for the relief sought herein is section 1112(b) of the Bankruptcy Code.

## BASIS FOR RELIEF

7. Under 11 U.S.C. § 1112(b), this Court must, upon request and after notice and a hearing, convert this case to a case under chapter 7 or dismiss it, whichever is in the best interests of the estate and creditors, if the moving party establishes cause.

8. Section 1112(b)(4) sets forth 16 examples of "cause," including "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;" (11 U.S.C. § 1112(b)(4)(F)), or "failure to attend the meeting of creditors convened under section 341 (a) . . . without good cause shown by the debtor;" (11 U.S.C. § 1112(b)(4)(G)). Cause may also exist beyond the examples enumerated in section 1112(b)(4).

9. Despite the fact that the Debtor filed for bankruptcy approximately three months ago, the Debtor has failed to file its Schedules of Assets and Liabilities and Statement of Financial Affairs, as is required by Bankruptcy Rule 1007(c). On February 26, 2010, the Debtor did file a Motion Pursuant to Rules 1007(c) and 2002(d) of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 1007-1(b) for Extension of Time to File Schedules of

Assets and Liabilities, Schedules of Executory Contracts and Unexpired Leases, and Statements of Financial Affairs [D.I. 7] (the "Motion to Extend"). Through the Motion to Extend, the Debtor requested that the deadline to file its relevant Schedules and Statement of Financial Affairs be extended to March 16, 2010. Notwithstanding the fact that the Motion to Extend was never noticed for a hearing and an order approving the Motion to Extend was never entered, the requested extended deadline of March 16, 2010 has long since expired.

10. The Debtor has not filed its Initial Monthly Operating Report, which was due within fifteen days of the Petition Date.

11. The Debtor has not filed its Monthly Operating Reports for the months of February 2010 and March 2010, which were due within twenty days after the end of each preceding month.

12. The Debtor failed to produce a corporate representative at the meeting of creditors prescribed by section 341 of the Bankruptcy Code (the "Meeting of Creditors") who could competently describe the assets and liabilities of the Debtor or the reorganization efforts made thus far by the Debtor. Unsatisfied with the lack of knowledge of the Debtor's corporate representative, the United States Trustee did not close the record, but instead continued the meeting of creditors to an open date.

13. The Debtor has no ongoing business and no reasonable likelihood of rehabilitation. At the Meeting of Creditors, the corporate representative of the Debtor testified that the Debtor has not been in operation since 2007, and currently has no ongoing operations.

14. In light of the above, "cause" exists to support the conversion of this case to a case under chapter 7, or alternatively, the dismissal of this case. 11 U.SC. § 1112(b).

WHEREFORE, the Committee requests that this Court issue an order converting this case to a case under chapter 7, or alternatively, dismissing same.

Dated: May 12, 2010
      Wilmington, Delaware

CIARDI CIARDI & ASTIN

*/s/ Daniel K. Astin*
Daniel K. Astin (No. 4068)
John D. McLaughlin, Jr. (No. 4123)
Carl D. Neff (No. 4895)
919 Market Street, Suite 700
Wilmington, DE 19803
Telephone: (302) 658-1100
Facsimile: (302) 658-1300
dastin@ciardilaw.com
jmclaughlin@ciardilaw.com
cneff@ciardilaw.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*